STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. DAVID GADDIS, PLAINTIFF IN ERROR.

Argued October 5, 1943—Decided December 9, 1943.

Before Brogan, Chief Justice, and Justices Bodine and Colie.

For the plaintiff in error, *Walter S. Keown*.

For the defendant in error, *Gene R. Mariano*.

The opinion of the court was delivered by

Bodine, J. The plaintiff in error was convicted of the crime of receiving stolen goods. *R. S.* 2:164–1. A man named Walls, with a confederate named Frazier, stole from the Pennsylvania Railroad Company a bundle of men's suits which were consigned to the J. C. Penney Company in Camden. They took the package in a car to the residence of Earl Bratten in Branch Village, where it remained for some days. Gaddis, accompanying a man described as a white man driving a car with a Pennsylvania motor license plate, met Walls at the Bratten abode. The goods were placed in the Pennsylvania car and Gaddis later in the day met Walls in Camden and gave him $100. Bratten received two suits for his part in the transaction. Gaddis was tried alone, although indicted with Bratten.

Gaddis testified that he had acted at Walls' request to guide the stranger to the Bratten house and knew nothing about the transaction and never paid any money to Walls. It was a case in which, if the jury believed Walls' testimony and disbelieved Gaddis' testimony, a verdict of guilty could be found.

The entire record has been examined with care, as well as the charge of the court, and it is apparent that the plaintiff in error suffered no manifest wrong or injury at the trial. *R. S.* 2:195–16.

Error is alleged in that the court said the jury should be guided "above all by the interest that each (meaning any person who has testified) may have in the outcome of the case." This phrase is an excerpt from a long paragraph in which the trial judge instructed the jury of the many ways in which they might determine where the truth lay conclud-

ing: "But because yours is the sole province to determine the fact issues presented, it is the intention of the court in this case to review in nowise the testimony that has been submitted but to rely entirely upon your wisdom in finding where the truth of the facts in these matters lay." The jury could not have been misled as to their duty by anything the trial judge said.

It is next argued that the "court erroneously failed to charge the jury as to the weight to be given to the testimony of William J. Walls, the admitted thief, convicted of the stealing."

There was no written request handed to the trial judge at the close of the case and before he commenced his charge to the jury. The practice as to requests to charge should be rigidly enforced by trial judges, because it is not only in the interest of orderly proceedings in the trial courts· but also in the appellate tribunals. There should be no room for doubt as to the precise request proffered at the trial.

Walls was not an accomplice. *State* v. *Rachman,* 68 *N. J. L.* 120. A conviction may rest on uncorroborated testimony of an accomplice. *State* v. *Bien,* 95 *Id.* 474; *State* v. *Bove,* 98 *Id.* 350; *affirmed, Id.* 576.

The charging of such request contemplated by counsel for the plaintiff in error was discretionary with the trial judge. *State* v. *Hyer,* 39 *N. J. L.* 598. The refusal to charge the weight to attach to the testimony of a self-confessed criminal was not error because the jury has a right to convict on such testimony if they desire. *State* v. *Lieberman,* 80 *N. J. L.* 506.

The summation by the state prosecutor was not prejudicial to the defendant, and was well within the bounds of legitimate comment upon the facts proved.

The verdict was not against the weight of the evidence.

The judgment will be affirmed.